# EXHIBIT A

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2020 Sep 01 12:14 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. CT-3603-20

☉ Lawsuit
◯ Divorce

Ad Damnum $ 1,000,000.00

**Plaintiff(s)**
Darnell Neder

FILED
OCT 26 2020
CIRCUIT COURT CLERK
BY _____ D.C

vs

**Defendant(s)**
BEALE HOLDINGS, LLC, JERRY LEE LEWIS ' CAFÉ & HONKY TONK, CITY OF MEMPHIS, OFFICER STEVE MCMILLEN (12491), INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A CITY OF MEMPHIS POLICE OFFICER, LEAVY WATSON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, JOHN DOES 1-5, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS CITY OF MEMPHIS POLICE OFFICERS, and JOHN DOES 6-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,

TO: (Name and Address of Defendant (One defendant per summons))

City of Memphis
c/o City Attorney
125 N. Main Street; Suite 336
Memphis, TN 38103

**Method of Service:**
◯ Certified Mail
⦿ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Ricky E Wilkins Plaintiff's attorney, whose address is 66 Monroe Ave; Ste 103, Memphis, TN 38103

telephone 901-322-4450 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____  By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master  By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __21__ day of __Oct__, 20__20__ at __930__ M. a copy of the summons and a copy of the Complaint to the following Defendant __City of Memphis__ at __125 Main__

_____  By: _____
Signature of person accepting service      Sheriff or other authorized person to serve process

George Graham

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** DARNELL NEDER VS BEALE HOLDINGS LLC

**Case Number:** CT-3603-20

**Type:** SUMMONS ISSD TO SHELBY SHRF

David Smith, DC

Electronically signed on 09/01/2020 01:44:54 PM

**IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICAL DISTRICT AT MEMPHIS**

| | |
|---|---|
| DARNELL NEDER, | |
| Plaintiff, | DOCKET NO. CT-3603-20 |
| v. | DIVISION: _____ |
| BEALE HOLDINGS, LLC, JERRY LEE LEWIS' CAFÉ & HONKY TONK, CITY OF MEMPHIS, OFFICER STEVE MCMILLEN (12491), INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A CITY OF MEMPHIS POLICE OFFICER, LEAVY WATSON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, JOHN DOES 1-5, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS CITY OF MEMPHIS POLICE OFFICERS, and JOHN DOES 6-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, | JURY DEMANDED |
| Defendants, | |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Darnell Neder, by and through undersigned counsel, and files this Complaint for Damages (hereinafter "Complaint") and states:

### I. INTRODUCTION

This action arises under the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Tennessee governmental tort liability statutes; under Tenn. Code Ann. §29-20-101, et seq., and under Tennessee common law for negligence, assault and battery, and false imprisonment.

This action is brought against the City of Memphis for its failure to properly train and supervise its officers, failure to prevent unlawful conduct, its acquiescence in the unlawful conduct

committed by the Individual City Defendants, and the allowance of the Individual City Defendants to use excessive force.

While the Individual City Defendants were acting in the scope of their employment and under color of state law, they unlawfully assaulted, brutalized and arrested the Plaintiff causing him to suffer great physical, mental, and emotional injuries.

This action is brought against Jerry Lee Lewis' Café & Honky Tonk and Beale Holdings, LLC for their failure to properly train and supervise their employees and agents, failure to prevent unlawful conduct, their acquiescence in the unlawful conduct committed by the Individual Café Defendants, the allowance of the Individual Café Defendants to use excessive force, falsely imprison, detain, abuse, and brutalize Plaintiff.

While the Individual Café Defendants were acting in the scope of their employment, they unlawfully assaulted, detained, and brutalized Plaintiff causing him to suffer great physical, mental, and emotional injuries.

## II. PARTIES

1. Plaintiff Darnell Neder (hereinafter "Plaintiff") is an adult resident citizen of Memphis, Shelby County, Tennessee.

2. Upon information and belief the lounge where the subject assault occurred is Jerry Lee Lewis' Café & Honky Tonk (hereinafter the "Café"), a restaurant/ lounge located at 310 Beale St, Memphis, Shelby County, Tennessee and can be served through a manager at the restaurant.

3. Upon information and belief the Café is owned, managed, and/or maintained by Defendant Beale Holdings, LLC, a domestic limited liability company authorized to do business in the state of Tennessee and maintaining a principal place of business at 310 Beale St., Memphis,

2

TN 38103. Beale Holdings, LLC has designated as its Tennessee registered agent for service of process, Thomas E. Hansom at 310 Beale St, Memphis, TN 38103.

4. Defendant City of Memphis is a municipal entity, located in Shelby County, Tennessee, recognized by the State of Tennessee as a properly organized and legal municipal entity and can be served with process through its city attorney at her office located at 125 North Main, Suite 336, Memphis, TN 38103.

5. At all times relevant hereto, Defendant Steve McMillen (12491) was an employee and officer of the City of Memphis. Defendant McMillen can be found at 201 Poplar Avenue, Memphis, Tennessee 38103 for service of process purposes. Defendant McMillen is being sued in both his official capacity as an officer of the Memphis Police Department and in his individual capacity for actions and inactions taken by him individually.

6. Upon information and belief and at all times relevant hereto, Defendants John Does 1-5 were employees and officers of the City of Memphis ("Individual City Defendants"). The identity of John Does 1-5 are presently unknown. Defendants John Does 1-5 are being sued in both their official capacity as officers of the Memphis Police Department and in their individual capacity for actions or inactions taken by them individually.

7. Upon information and belief and at all times relevant hereto, Defendants John Does 6-10 were employees or agents of Beale Holdings, LLC and/or the Café ("Individual Café Defendants"). The identity of John Does 6-10 are presently unknown. Defendants John Does 6-10 are being sued in both their official capacity as employees/agents of Beale Holdings, LLC and/or the Café and in their individual capacity for actions or inactions taken by them individually.

8. Upon information and belief, Leavy Watson ("Watson") is a resident citizen of West Memphis, AR who can be served with process at 505 Vanderbilt Ave., West Memphis, AR

72301. Leavy Watson is being sued in both his individual capacity and as an employee/agent of Beale Holdings, LLC and/or the Café.

### III. JURISDICTION AND VENUE

9. The acts and omissions described in the body of this Complaint all occurred in Memphis, Shelby County, Tennessee and venue is appropriate in this judicial district.

10. Jurisdiction over out-of-state Individual Defendants is proper in this Court pursuant to Tenn. Code Ann. §20-2-223(a)(3).

### IV. FACTS PERTAINING TO THE UNPROVOKED ATTACK ON THE PLAINTIFF

11. This is a lawsuit for personal injuries, pain and suffering, medical expenses, etc., which occurred on or about September 2, 2019, when Plaintiff Darnell Neder was physically assaulted by security staff at the Café and by officers of the Memphis Police Department, wherein plaintiff suffered injuries, damages, and public humiliation as a direct and proximate result of the joint, several and concurring intentional acts of the respective defendants.

12. On September 2, 2019, Plaintiff was a patron or business invitee to the Café located at 310 Beale St., Memphis, Shelby County, Tennessee.

13.. On September 2, 2019, Leavy Watson was an employee, representative, agent, and/or assign of Defendant who was working as a security guard.

14. A verbal altercation ensued between another patron of the Café, Macio Hicks, and an employee of the Café. Plaintiff was not involved in said verbal altercation.

15. Upon information and belief, solely due to Plaintiff's proximity to Macio Hicks, Plaintiff was grabbed from behind, choked and severely beaten by Leavy Watson and another employee/agent of the Café.

16. Plaintiff attempted to defend himself from this unprovoked attack.

17. Leavy Watson negligently and unlawfully dragged Plaintiff outside of the Café while pinning Plaintiff's arms behind Plaintiff's back.

18. Leavy Watson continued to pin Plaintiff's arms behind Plaintiff's back after dragging Plaintiff from the Café.

19. Upon exiting the Café, Officer McMillen, who was on duty, instructed Leavy Watson to release Plaintiff's arms. Officer McMillen then threw Plaintiff to the ground, causing additional injuries to Plaintiff's head and face.

20. Plaintiff was then placed under arrest and transported to the hospital and then to 201 Poplar.

21. Plaintiff was initially charged with simple assault for attempting to defend himself from Leavy Watson, however, those charges were dismissed.

## V. INJURIES

22. Plaintiff alleges that as a direct and proximate result of the hereinabove described tortuous acts of the Defendants, he sustained personal injuries to his head, face and wrist.

23. Plaintiff alleges that he has endured excruciating pain and suffering.

24. That in order to alleviate his pain and suffering, Plaintiff has incurred reasonable and necessary hospital, doctor and medical expenses.

25. Plaintiff alleges that he has sustained a loss of enjoyment of life as a result of his injuries and sues for same.

26. Plaintiff alleges that he has sustained mental anguish as a result of his injuries and sues for same.

## VI. CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE CITY OF MEMPHIS

A. General Allegations Germane to the City's Constitution Violations

27. The above described actions of the City of Memphis and the Individual Officers, in their official capacity, were taken under color of state law and in violation of the rights secured to the Plaintiff by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitutions of the United States. These include, but are not limited to, the right to be free from the excessive use of force, the right to be free from deprivations of liberty, the right to be free from summary punishment that occur without due process of law and the right to a fair trial.

28. At all relevant times, the Plaintiff had a right to be free from excessive use of force, the right to be free from deprivations of liberty, the right to be free from summary punishment that occurs without due process of law and the right to a fair trial. Each of these rights were clear and well-established at the time of the incident and facts alleged herein.

29. At all relevant times herein, the City of Memphis failed to exercise its ability and duty to intervene for the purpose of preventing the acts complained of herein.

30. The City of Memphis is responsible for the hiring, training, and control of all personnel of the Memphis Police Department. The City of Memphis establishes the Memphis Police Department's policy with respect to the manner in which persons are arrested, the use of force in arrest and performance of official police duties by on-duty and off-duty police officers within the City of Memphis.

31. The City of Memphis is liable because:

   i. The Plaintiff's rights were violated pursuant to these unconstitutional polices and/or customs, whether express or implicit;

6

ii. The City of Memphis had actual or constructive knowledge of the same or similar conduct by the Memphis Police Department's employees including the Individual City Defendants, and acted with deliberate indifference regarding same;

iii. The City of Memphis failed to act to prevent such misconduct and deprivation of rights which permitted the same to become the policy and/or custom of the Memphis Police Department.

32. The failure of the City of Memphis to hire, adequately train, and/or supervise Memphis Police Department personnel, including but not limited to the Individual City Defendants, is derived from inadequate and constitutionally deficient hiring procedures, training procedures, and procedures involving the investigation of complaints against and discipline of Memphis police officers and said failure amounts to a deliberate indifference to the rights of persons with whom Memphis police officers come into contact.

33. The misconduct and deprivation of Plaintiff's rights by the City of Memphis and Memphis Police Department personnel as described herein was reasonably foreseeable to the Defendant City of Memphis.

34. The conduct of the City of Memphis, Individual City Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

35. The Individual City Defendants acted under color of law and in their official capacity to deprive the Plaintiff of his right to be free from the excessive use of force, the right to be free from deprivations of liberty, the right to be free from summary punishment that occur without due process of law and the right to a fair trial. The Individual City Defendants' actions

describe herein directly and proximately cause the Plaintiff's physical and mental pain and suffering, both past and future; and medical and psychological expenses, both past and future.

36. As a direct and proximate result of the policies, procedures, customs and actions of the City and the Individual City Defendants, the Plaintiff suffered deprivations of his constitutional rights, physical and mental pain and suffering, both past and future and medical and psychological expenses both past and future.

### VII. CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS, INDIVIDUALLY

37. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as a fully set forth herein.

38. The Individual City Defendants individually and under color of law acted willfully, maliciously, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wonton disregard of the constitutional and federally protected civil rights in the Plaintiff.

39. The aforesaid conduct of the Individual City Defendants was motivated by evil motive or intent and involved willful, reckless and callous indifference to the federally protected rights of the Plaintiff.

40. A reasonable official in the Individual City Defendants' position would have understood that the aforesaid conduct violated the clearly established constitutional rights of the Plaintiff.

41. By virtue of the foregoing, the Individual City Defendants are liable to the Plaintiff pursuant to 42 U.S.C.A. § 1983. The Individual City Defendants, acting individually and under color of state law, engaged in a course of conduct which caused pain, suffering, and injuries to the plaintiff, and violated his rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 7 of the Tennessee Constitution.

These include, but are not limited to, the right to be free from the excessive use of force, the right to be free from deprivations of liberty and the right to be free from summary punishment that occurs without due process of law in the right to a fair trial.

42. As a direct and proximate result of the actions of Individual City Defendants, the Plaintiff suffered deprivation of his constitutional rights, physical and mental pain and suffering, both past and future; and medical and psychological expenses, both past and future.

## VIII. CLAIM AGAINST THE CITY OF MEMPHIS GOVERNMENTAL TORT LIABILITY ACT

43. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as a fully set forth herein.

44. Defendant, City of Memphis, by and through its agents, servants, and employees, is guilty of negligent acts or omissions where immunity has been removed under Tenn. Code Ann. § 29-20-205.

45. The agents, servants, and or employees of the City of Memphis were negligent permitting the false imprisonment of the Plaintiff on September 2, 2019, without probable cause to support the arrest and said negligence was committed within the scope of the employment of the agents, servants, and or employees of the city of Memphis.

46. The false imprisonment of the Plaintiff was not pursuant to a mittimus from a Court.

47. The City of Memphis had actual and constructive notice that, on September 2, 2019, its agents, servants and/or employees falsely imprisoned the Plaintiff without probable cause.

48. The City of Memphis had a duty to supervise and prevent its agents, servants, and/or employees from falsely imprisoning civilians and citizens, including the Plaintiff, without probable cause and breached its duty by the acts complained of herein.

49. The City of Memphis was also negligent in failing to train and supervise and prevent its agents, servants, and/or employees from using excessive force against civilians and citizens, including the Plaintiff, and breached its duty by the acts complained of herein.

50. As a direct and proximate cause of the City of Memphis' breach of duties, the Plaintiff sustained physical injuries, pain and suffering, great humiliation, mental anguish, mental and emotional distress, extreme embarrassment, damage to his personal reputation and standing in the community, for which damages are sought.

## IX. CIVIL ASSAULT AND BATTERY

51. The plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

52. The Individual City Defendants' and Individual Café Defendants conduct as set forth herein was intentional and constitutes civil assault and battery for which they are liable to the Plaintiff.

53. The Individual City Defendants' and Individual Café Defendants conduct was in reckless disregard for the safety and well-being of the Plaintiff who was not engaged in criminal activity at the time of his assault and/or arrest.

54. Further, to the extent that the Individual City Defendants' and Individual Café Defendants were acting within the course and scope of their employment when they assaulted and battered the Plaintiff and may claim that they were acting within their discretion, the Plaintiff avers that the Individual City Defendants' and Individual Café Defendants greatly or substantially exceeded their authority and caused the Plaintiff great physical, emotional and mental harm.

55. The Individual City Defendants' and Individual Café Defendants conduct is the proximate cause of the Plaintiff's injuries, including physical injuries, great humiliation, mental

anguish, mental and emotional distress, extreme embarrassment, fear of loss of employment, damage to his personal and business reputation and standing in the community, for which damages are sought.

## X. FALSE ARREST AND FALSE IMPRISONMENT

56. The Plaintiff repeats, realleges, and incorporates here in each of the preceding paragraphs as a fully set forth herein.

57. The Individual Café Defendants, acting individually and in concert, knowingly, intentionally and recklessly arrested and imprisoned the Plaintiff against his will, falsely and without just cause and or probable cause.

58. The Individual Café Defendants' conduct was in reckless disregard for the safety and well-being of the Plaintiff who was not engaged in criminal activity at the time of his false imprisonment or arrest.

59. Further, to the extent that the Individual City Defendants' and Individual Café Defendants were acting within the course and scope of their employment when they falsely arrested and imprisoned the Plaintiff, and may claim that they were acting within their discretion, the Plaintiff avers that the Individual City Defendants' and Individual Café Defendants greatly or substantially exceeded their authority and caused the Plaintiff harm.

60. The Individual City Defendants' and Individual Café Defendants conduct is the proximate cause of the Plaintiff's injuries, including physical injuries, great humiliation, mental anguish, mental and emotional distress, extreme embarrassment, fear of loss of employment, damage to his reputation and standing in the community and attorney's fees and expenses related to criminal proceedings, for which damages are sought.

## XI. NEGLIGENCE

61. The Plaintiff repeats, realleges, and incorporates here in each of the preceding paragraphs as a fully set forth herein.

62. As alleged in this complaint, Beale Holdings, LLC, Café and its employees/agents were negligent in failing to exercise reasonable care. Plaintiff was harmed and injured when he was assaulted and beaten by Leavy Watson and other employees/agents of the Café. Plaintiff's injuries, the full extent of which are still not known, were due in whole or in part to the acts and omissions of Leavy Watson and other employees/agents of the Café, who were negligent in that they owed a legally recognized duty to Plaintiff, breached that duty, and proximately caused the injuries and loss suffered by Plaintiff. Leavy Watson and other employees/agents of the Café failed to act as a reasonably prudent person and failed to refrain from assaulting and beating Plaintiff.

63. The Café was negligent in failing to train and supervise and prevent its agents, servants, and/or employees from assaulting, beating, falsely imprisoning, and using excessive force against patrons and invitees, including the Plaintiff, and breached its duty by the acts complained of herein.

64. Leavy Watson's and other employees of the Café were negligent in that their acts in approaching Plaintiff from behind, placing their arms around Plaintiff's neck, pinning his arms to his back with an intent to remove Plaintiff from the premises, and forcibly physically removing Plaintiff from the Café proximately caused Plaintiff's injuries. Leavy Watson and other employees of the Café exercised bad judgment and acted precipitously in removing Plaintiff and in so doing, proximately caused Plaintiff's injuries.

65. As alleged in this complaint, the City of Memphis, and its employees/agents, including Officer McMillen, were negligent in failing to exercise reasonable care. Plaintiff was harmed and injured when he was thrown to the ground by Officer McMillen. Plaintiff's injuries, the full extent of which are still not known, were due in whole or in part to the acts and omissions of Officer McMillen and other employees/agents of the City of Memphis, who were negligent in that they owed a legally recognized duty to Plaintiff, breached that duty, and proximately caused the injuries and loss suffered by Plaintiff. McMillen and other employees/agents of the City failed to act as a reasonably prudent person and failed to refrain from assaulting and beating Plaintiff and, instead, allowed him to be further injured by striking his head and face on the pavement.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands that a jury be empaneled to try the issues raised herein which are properly triable before a jury of their peers and prays for a judgment against Defendants referenced above for the following:

(i) Compensatory damages for both the federal and state court claims in an amount of $1,000,000.00 or an amount the jury may determine just and proper under the circumstances and/or which may be permitted by law;

(ii) Punitive damages be awarded against the Defendants;

(iii) Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

(iv) Pre and post judgment interest;

(v) Discretionary costs; and

(vi) All such further relief, both general and specific, to which Plaintiff may be entitled or to which he may show himself entitled.

Respectfully submitted,

THE LAW OFFICES OF RICKY E. WILKINS

_____
Ricky E. Wilkins, Esq. (BPR #14526)
Sharon Harless Loy, Esq. (BPR #19824)
The Shrine Building
66 Monroe Avenue, Suite 103
Memphis, Tennessee 38103-2471
Telephone: (901) 322-4450
Facsimile: (901) 322-4451
*Attorneys for Plaintiff Darnell Neder*