IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| DARNELL NEDER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:20-cv-02785- |
| ) | |
| BEALE HOLDINGS, LLC, JERRY LEE LEWIS' ) | |
| CAFE & HONKY TONK, CITY OF MEMPHIS, ) | |
| OFFICER STEVE McMILLEN (12491), ) | |
| INDIVIDUALLY AND IN HIS OFFICIAL ) | |
| CAPACITY AS A CITY OF MEMPHIS POLICE ) | |
| OFFICER, LEAVY WATSON, IN HIS OFFICIAL ) | |
| AND INDIVIDUAL CAPACITY, JOHN DOES ) | |
| 1-5, INDIVIDUALLY AND IN THEIR OFFICIAL ) | |
| CAPACITIES AS CITY OF MEMPHIS POLICE ) | |
| OFFICERS, and JOHN DOES 6-10, ) | |
| INDIVIDUALLY AND IN THEIR OFFICIAL ) | |
| CAPACITIES. ) | |
| ) | |
| Defendants. ) | |

---

### ANSWER TO COMPLAINT BY DEFENDANT OFFICER STEVE McMILLEN

---

COMES NOW Defendant Officer Steve McMillen, individually, through Counsel, and responds to the Complaint filed in this cause, as follows:

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim on which relief can be granted and Officer McMillen moves that it be dismissed forthwith;

2. Plaintiff's Complaint fails to state a cause of action against him under the United States Constitution;

3. Plaintiff's Complaint fails to state a cause of action against him under the Tennessee Constitution;

4. Plaintiff's Complaint fails to state a cause of action against him pursuant to the Tennessee Governmental Tort Liability Act as he is specifically immune for any alleged acts of negligence under the Act. Tenn. Code Ann.§29-20-310(b).

5. Officer McMillen affirmatively pleads all applicable federal and state statutes of limitations;

6. Plaintiff's claims are barred under the doctrine of laches, waiver, estoppel, and the doctrine of unclean hands;

7. Officer McMillen contends that Plaintiff is not entitled to any recovery. However, even under all the facts and circumstances set forth in the Plaintiff's Complaint, recovery by Plaintiff against Officer McMillen would be limited to nominal damages;

8. Plaintiff's own conduct constituted the sole proximate cause of any injuries allegedly sustained and of any damages allegedly resulting therefrom, and as a result Plaintiff is barred from recovery;

9. Plaintiff's constitutional rights were not violated;

10. Officer McMillen submits that he is entitled to immunity from all state law claims under the facts and circumstances of this case;

11. Officer McMillen submits that he is entitled to the defense of Qualified Immunity in that at all times relevant his actions:

    a. Were taken within the course and scope of employment;

    b. Were taken in good faith and with reasonable and probable cause under the circumstances;

    c. Were in accordance with those of an objectively reasonable officer charged with the duty to protect himself and others; and,

       d. Were taken pursuant to and in accordance with the Constitution and laws of the United States and the State of Tennessee;

8. Officer McMillen requests that Plaintiff be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Officer McMillen. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); Fed. R. Civ. P. 7.

9. Plaintiff did not suffer damages for which he is entitled to relief;

10. Officer McMillen submits that pursuant to 42 U.S.C. § 1988 as well as the 2016 amendment to the Tennessee Governmental Torts Liability Act as set forth in T.C.A. 29-20-113[1], he would be entitled to recover the reasonable attorneys' fees and costs incurred in defending this claim should he prevail in this action brought against him in his individual capacity;

11. Officer McMillen reserves the right to raise any additional affirmative defenses that he may have following the completion of discovery herein and/or to amend these affirmative defenses as otherwise allowed by law.

---

[1] 29-12-113(a) Notwithstanding § 20-12-119(c)(5)(A), if a claim is filed with a Tennessee or federal court, the Tennessee claims commission, board of claims, or any other judicial body established by the state or by a governmental entity of the state, against an employee of the state or of a governmental entity of the state in the person's individual capacity, and the claim arises from actions or omissions of the employee acting in an official capacity or under color of law, and that employee prevails in the proceeding as provided in this section, then the court or other judicial body on motion shall award reasonable attorneys' fees and costs incurred by the employee in defending the claim filed against the employee. T.C.A. 29-20-113(a).

## ANSWER TO COMPLAINT

### INTRODUCTION

While Officer McMillen admits that he was at all times acting within the scope of his employment and under the color of law, Officer McMillen denies the remaining allegations as set forth in the Introduction to Plaintiff's Complaint.

### PARTIES

1. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4. Upon information and belief, Officer McMillen admits the allegations as set forth in Paragraph 4 of Plaintiff's Complaint.

5. Officer McMillen admits that at all times relevant hereto, he was an employee and officer of the City of Memphis Police Department. Any remaining allegations as set forth in Paragraph 5 of Plaintiff's Complaint are denied.

6. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

9. Officer McMillen admits that the Plaintiff asserts that the alleged acts and omissions described in the body of the Complaint all occurred in Memphis, Shelby County, Tennessee and venue is appropriate, however Officer McMillen denies Plaintiff has any such cause of action against him in his individual capacity.  Any remaining allegations as set forth in Paragraph 9 of Plaintiff's Complaint are denied.

10. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

## FACTS

11. Officer McMillen denies the allegations as set forth in Paragraph 11 of Plaintiff's Complaint.

12. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. Officer McMillen admits he observed club security bringing Plaintiff over to where Memphis Police Officers were and that security appeared to have Plaintiff's arms pinned behind his back. Any remaining allegations as set forth in Paragraph 17 of Plaintiff's Complaint are denied.

18. Officer McMillen admits Plaintiff's arms appeared to be pinned behind his back, any remaining allegations as set forth in Paragraph 18 of Plaintiff's Complaint are denied.

19. Officer McMillen admits that while on duty he instructed security to release Plaintiff's arms so that he might talk with Plaintiff. Once released however Plaintiff attempted to

strike security and subsequently began to resist arrest. As a result, Officer McMillen used a tactical maneuver to take Plaintiff to the ground at which time Plaintiff struck the pavement. Any remaining allegations as set forth in Paragraph 19 of Plaintiff's Complaint are denied.

20. The allegations as set forth in Paragraph 20 of Plaintiff's Complaint are admitted.

21. Officer McMillen is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

## INJURIES

22. The allegations as set forth in Paragraph 22 of Plaintiff's Complaint are denied.

23. The allegations as set forth in Paragraph 23 of Plaintiff's Complaint are denied.

24. The allegations as set forth in Paragraph 24 of Plaintiff's Complaint are denied.

25. The allegations as set forth in Paragraph 25 of Plaintiff's Complaint are denied.

26. The allegations as set forth in Paragraph 26 of Plaintiff's Complaint are denied.

CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE CITY OF MEMPHIS

   A. General Allegations Germane to the City's Constitutional Violations

27. While Officer McMillen admits that at all times relevant he was acting under the color of law within the scope of his employment, any remaining allegations as set forth in Paragraph 27 of Plaintiff's Complaint are denied.

28. Officer McMillen denies that any of Plaintiff's rights were violated as outlined in Paragraph 28 of Plaintiff's Complaint. Any remaining allegations as set forth in Paragraph 28 of Plaintiff's Complaint are specifically denied.

29. The allegations as set forth in Paragraph 29 of Plaintiff's Complaint are denied.

30. Upon information and belief, the allegations as set forth in Paragraph 30 of Plaintiff's Complaint are admitted.

31. The allegations as set forth in Paragraph 31 (i-iii) of Plaintiff's Complaint are denied.

32. The allegations as set forth in Paragraph 32 of Plaintiff's Complaint are denied.

33. The allegations as set forth in Paragraph 33 of Plaintiff's Complaint are denied.

34. The allegations as set forth in Paragraph 34 of Plaintiff's Complaint are denied.

35. The allegations as set forth in Paragraph 35 of Plaintiff's Complaint are denied.

36. The allegations as set forth in Paragraph 36 of Plaintiff's Complaint are denied.

## CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS, INDIVIDUALLY

37. To the extent that Paragraphs 1-36 of Plaintiff's Complaint have been either admitted or denied, those responses are hereby incorporated by reference.

38. The allegations as set forth in Paragraph 38 of Plaintiff's Complaint are denied.

39. The allegations as set forth in Paragraph 39 of Plaintiff's Complaint are denied.

40. The allegations as set forth in Paragraph 40 of Plaintiff's Complaint are denied.

41. The allegations as set forth in Paragraph 41 of Plaintiff's Complaint are denied.

42. The allegations as set forth in Paragraph 42 of Plaintiff's Complaint are denied.

## CLAIM AGAINST THE CITY OF MEMPHIS GOVERNMENTAL TORT LIABILITY ACT

43. To the extent that Paragraphs 1-43 of Plaintiff's Complaint have been either admitted or denied, those responses are hereby incorporated by reference.

44. The allegations as set forth in Paragraph 44 of Plaintiff's Complaint are denied.

45. The allegations as set forth in Paragraph 45 of Plaintiff's Complaint are denied.

46. The allegations as set forth in Paragraph 46 of Plaintiff's Complaint are denied.

47. The allegations as set forth in Paragraph 47 of Plaintiff's Complaint are denied.

48. The allegations as set forth in Paragraph 48 of Plaintiff's Complaint are denied.

49. The allegations as set forth in Paragraph 49 of Plaintiff's Complaint are denied.

50. The allegations as set forth in Paragraph 50 of Plaintiff's Complaint are denied.

## CIVIL ASSAULT AND BATTERY

51. To the extent that Paragraphs 1-50 of Plaintiff's Complaint have been either admitted or denied, those responses are hereby incorporated by reference.

52. The allegations as set forth in Paragraph 52 of Plaintiff's Complaint are denied.

53. The allegations as set forth in Paragraph 53 of Plaintiff's Complaint are denied.

54. The allegations as set forth in Paragraph 54 of Plaintiff's Complaint are denied.

55. The allegations as set forth in Paragraph 55 of Plaintiff's Complaint are denied.

## FALSE ARREST AND FALSE IMPRISONMENT

56. To the extent that Paragraphs 1-55 of Plaintiff's Complaint have been either admitted or denied, those responses are hereby incorporated by reference.

57. The allegations as set forth in Paragraph 57 of Plaintiff's Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, all such allegations are denied.

58. The allegations as set forth in Paragraph 58 of Plaintiff's Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, all such allegations are denied.

59. The allegations as set forth in Paragraph 59 of Plaintiff's Complaint are denied.

60. The allegations as set forth in Paragraph 60 of Plaintiff's Complaint are denied.

NEGLIGENCE

61. To the extent that Paragraphs 1-60 of Plaintiff's Complaint have been either admitted or denied, those responses are hereby incorporated by reference.

62. The allegations as set forth in Paragraph 62 of Plaintiff's Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, all such allegations are denied.

63. The allegations as set forth in Paragraph 63 of Plaintiff's Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, all such allegations are denied.

64. The allegations as set forth in Paragraph 64 of Plaintiff's Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, all such allegations are denied.

65. The allegations as set forth in Paragraph 65 of Plaintiff's Complaint are denied.

66. Officer McMillen hereby denies any allegations not previously admitted or denied.

67. Officer McMillen denies Plaintiff is entitled to any of the relief requested in the Complaint at Paragraphs i-vi or any relief whatsoever.

WHEREFORE, PREMISES CONSIDERED, Officer McMillen respectfully requests that:

1. This Court dismiss Plaintiff's Complaint with prejudice, based upon each and every aforesaid Affirmative Defense;

2. This Court deny Plaintiff the relief prayed for in the request for relief, and that Plaintiff be denied any relief whatsoever;

3. That Plaintiff be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations"

that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Officer McMillen. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); Fed. R. Civ. P. 7.

4. In conjunction with the dismissal of Plaintiff's Complaint with prejudice, Officer McMillen be awarded and recover from Plaintiff costs, attorney's fees and expenses in association with the defense of the instant civil action against Officer McMillen individually, on the ground that said Complaint is legally and factually unsupportable, and has been filed without substantial justification and/or without an arguable basis in law, and that such sanctions be imposed pursuant to Rule 11, Fed.R.Civ.P. and/or that Officer McMillen be awarded costs and attorney's fees pursuant to 42 U.S.C. § 1988 and T.C.A. 29-20-113, as this Court may deem appropriate.

Respectfully submitted,

s/ Mary Elizabeth McKinney
MARY ELIZABETH MCKINNEY, Bar No. 21597
Attorney for Officer McMillen, Individually
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 North Front Street, Suite 800
Memphis, Tennessee 38103
Tel:  901-528-1702
Fax:  901-528-0246
Email:  bmckinney@gmlblaw.com

CERTIFICATE OF SERVICE

I, Mary Elizabeth McKinney, hereby certify that on November 2, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, a notice of electronic filing will be sent to all registered parties in this case.

/s/ Mary Elizabeth McKinney
MARY ELIZABETH MCKINNEY